White, O. J.
The plaintiff in error, who was also the plaintiff below, is in possession of the land in controversy, .and claims to hold the same in fee simple. The defendants *422 claim to hold a vested remainder in fee in the property,, subject to the determination of a life estate in the plaintiff.
The plaintiff and the defendants claim under the same-will, but this constitutes • no objection to maintaining the action. Parish v. Ferris, 6 Ohio St. 563; s. c. 2 Black. 606.
The action is brought under section 557, of the code of' civil procedure, as amended April 18, 1870. 67 Ohio L.. 116.
The oi-iginal section was as follows: “An action may be brought by any person in possession, by himself or tenant,, of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest.” As amended, the section also provides that, “ in all actions brought for the recovery of purchase money of real estate, by vendor against vendee, it shall be competent for such vendee,, notwithstanding his continued possession, to set up, by way of counter-claim, any breach of the covenants of title acquired by him from the plaintiffs, and to make any and all persons claiming an adverse estate or interest therein parties to the cause; . . . and if the adverse estate or interest of said claimants shall be an estate in reversion or remainder, or contingent upon a future event, the court may, at its discretion,” decree as therein provided.
The question arising in the case, is whether the adverse-estate or interest, which the defendants claim, must be adverse to the plaintiff’s right to present possession. It is said, in argument, that the district court 'held that such must be the nature of the adverse claim, and that the action is-maintainable only against persons who claim a right to-present possession.
Whatever doubt may have been supposed to exist as to-this question, under the original section, the doubt is removed by the section as amended. The amended section shows that persons claiming an adverse estate, or interest in the property, include those who claim “ an estate in reversion or remainder, or contingent upon a future event.”'
*423 The estate claimed by defendants, in the present case, is a vested remainder in fee. Such an estate may be conveyed or levied on and sold under execution. If a conveyance should be executed by the defendants, or if an execution against them should be levied on the estate in remainder, which is claimed to be vested in them, such proceedings would east a cloud on the title of the owner of the fee simple estate. And on the principle laid down in Burnet v. Cincinnati, 3 Ohio, 73, the owner of the fee could maintain an action to remove the cloud and quiet his title. The same principle is decided in New Jersey, under a statute similar to that passed upon in Burnet v. Cincinnati. The New Jersey case is Bogart v. City of Elizabeth, 27 N. J. 568. In speaking of the statute in that case, the Chief Justice, in delivering the opinion, says: “ The act is plainly remedial, and its language is very comprehensive, and, in my judgment, it should be construed to give jurisdiction in every case in which a claim or lien upon real estate appears to be asserted, or to exist. It is highly desirable that lands should be freed from every lurking and unsubstantial claim, for even the suspicion of such claim, no matter how ill-founded, affects the value of property when on sale.” Ib. 572.
To substantially the same effect is the language of Lane, judge, in speaking of our own statute, in Douglass v. Scott, 5 Ohio, 195,196.
The case of Niles et al. v. Gray et. al., 12 Ohio St. 320, was an action brought under the original section, to quiet the title of the plaintiffs. As in the present ease, both parties claimed under the same will. The defendants admitted, in their answer, that the plaintiffs held an estate in the land during the life of their grantor, Margaret Harper, who was still living, but claimed that the estate of the plaintiffs would determine at her death, and the defendants then take the estate in fee simple, under the will.
It was decided that the plaintiffs held an estate in fee in the land, subject to be determined by the contingency of Margaret Harper dying without issue living at the time of *424 her death, on the happening of which the estate would pass over to the testator’s oldest son, by way of executory devise. The claim set up by the defendants was therefore denied, and the title of the plaintiffs quieted as against such claim.
The statute of California on the subject is like the original section of our code. G-eneral Laws of California, 1850 to 1864, inclusive, paragraph 5193, § 254.
In Joyce v. McAvoy, 31 Cal. 274, it was held that a person in possession was entitled, under the statute, to have his title quieted against an adverse claim, whether such claim be legal or equitable, or whether it entitles the adverse ■claimant to present possession or not.
In speaking of the construction of the statute, the court, quoting from a former case decided by the court, say:
“ The statute giving this right of action to the party in possession does not confine the remedy to the case of an adverse claimant setting up a legal title, or even an equitable title, but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its title clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension. The plaintiff has the right to be quieted in his title whenever any claim is made to real estate of which he is in possession, the effect of which claim might be litigation or a loss to him of the property.”
In New York and Massachusetts there are statutory remedies provided for the determination of claims adverse to the title of the party in possession of real estate; and although the mode of procedure differs from ours, yet the adverse claims which may be determined include as well claims to estates in reversion and remainder ;as claims to the right of possession. 3 New York Rev. Stats. 579; Rev. Stat. of Mass. (ed. 1860), chap. 134, §(49. Under these statutes, provision is made for trial by jury in proper cases.
*425 Cases may arise under our statute in which the parties may have a constitutional right to have the issues of fact tried by a jury. Should such cases arise, the court is competent to authorize such trial, either in the case, or by requiring-a separate action to be brought for the purpose before the rendition of the final decree.
The defendants in error rely on the decision in Collins v. Collins, 19 Ohio St. 468.
That case was decided before the section of the code in question was amended. And it must be admitted that language is used in the opinion which seems to imply that the defendants must claim a present right of possession adverse to the possession of the plaintiff before the action can be maintained. The case of Niles v. Gray, sufra, was cited in the argument for the plaintiff' in error in that case ; but •it is not referred to in the opinion, nor was it intended to be overruled or qualified by the decision.
In the case of Collins v. Collins the defendants did not ■claim an estate or interest in the land. Under the statute, the action can only be brought against a person who does claim such estate or interest; and the estate or interest thus claimed must be adverse to the plaintiff.
The charge against the defendants was not that they claimed to have an interest in the land, but that they claimed and asserted that if the plaintiff should die leaving no issue, the estate would go in remainder to the persons who might then be the heirs of the testator. "Who such persons might be could not be determined until the contingency happened upon which they were to take the estate. That such was the view taken is apparent from the following language in the opinion : “Should he” (the plaintiff) ■“ die without issue, and should the.then living heirs of the testator set up% claim to th-5 land, or should the defendants undertake to inurfere with t'.e plaintiff’s enjoyment of the premises during life, it will be lime enough then to entertain an action for quietii g the title.”'
Judgment reversed and cause remdfhded for further proceedings. .